UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

James Edward Brown, #94682-071,  )  C/A No. 9:07-3285-GRA-GCK
) 
)
Petitioner,  )
)
vs.  )  Report and Recommendation
)
United States of America,  )
)
Respondent.  )
_____  )

### Background of this Case

The petitioner, James Edward Brown, proceeding *pro se*, brings this action seeking a reduction of his federal sentence through a "writ of audita querela."[1] Petitioner is an inmate at the federal prison camp in Edgefield, South Carolina, a facility of the Bureau of Prisons, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The petitioner pled guilty to various federal drug violations in Criminal Action No. 8:97-170-GRA, and this Court sentenced him to 188 months on December 11, 1997, but then on December 18, 1997, this Court corrected a sentencing error and re-sentenced him to 240 months, the statutory mandatory minimum. The Fourth Circuit Court of Appeals affirmed the petitioner's sentence on December 17, 1998. *See United States v. Brown*, No.97-5022, 1998 WL 879656 at *3-4 (4th Cir. 1998) (noting that a district court's dissatisfaction with a statutory mandatory minimum sentence is not a proper ground for imposing a lower sentence). This petitioner has previously filed a 28 U.S.C. § 2255 petition and a 28 U.S.C. § 2241 petition, both of which this Court denied. *See Brown v. Hobbs*, C/A No. 7:01-cv-2173-GRA (2241 petition

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

dismissed without prejudice), *aff'd, Brown v. Hobbs*, No. 01-7154, 20 Fed. Appx. 175, *available at* 2001 WL 1188917 (4th Cir. 2001); *Brown v. United States*, C/A No. 8:99-cv-4047-GRA (granting summary judgment to respondent on the 2255 petition on April 27, 2000).

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition for writ of audita querela is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

2

## Discussion

The writ of *audita querela*[2] has been abolished in federal *civil* practice. *See* Fed. R. Civ. P. 60(b). The Fourth Circuit Court of Appeals has ruled that a petition for a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651, requesting to vacate a federal prisoner's sentence and remand to the district court for re-sentencing, was not available or appropriate. *See In re Watkins*, 223 Fed. Appx. 265, *available at* 2007 WL 1041035 (4th Cir. March 29, 2007) (per curiam). In that case, the Fourth Circuit Court of Appeals relied on *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001), which case held that because a petitioner's claims were cognizable in a § 2255 petition, even if the § 2255 petition was barred by the AEDPA rules that limit a successive motion, the writ of *audita querela* was not available to him. The Ninth Circuit Court of Appeals further explained that writs of *coram nobis* and *audita querela* "survive only to the extent that they fill 'gaps' in the current systems of postconviction relief." *Id.* at 1079. The petitioner in the above-captioned case has not alleged facts that could prove that a "gap" exists in his case nor in modern times' post-conviction remedies.

The petitioner is merely seeking a reduction of his sentence from 240 months to 188 months based upon his good conduct in prison and "fairness" due to his original sentence mistakenly being set at 188 months. After a sentence is final and seven days have passed, the Federal Rules of Criminal Procedure permit the government to make a motion for reduction of sentence for

---

[2] *Audita querela*, which was introduced during the time of Edward III, was "available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." BLACK'S LAW DICTIONARY *audita querela* (8th ed. 2004). This writ is "'distinguished from coram nobis in that coram nobis attacks the judgment itself, whereas audita querela may be directed against the enforcement, or further enforcement, of a judgment which when rendered was just and unimpeachable.'" (citing 7A C.J.S. *Audita Querela* § 2 (1980)).

substantial assistance; the criminal rules do not provide any other reason for a court to reduce a sentence unless 28 U.S.C. § 2255 can be satisfied. Accordingly, the petitioner's request that his sentence be reduced to allow him to spend time with his daughter before she graduates from high school, while an admirable desire, is not a reason permitted by law to re-open a final sentence, and a writ of *audita querela* is not available to circumvent the Federal Rules of Criminal Procedure or 28 U.S.C. § 2255. Moreover, the petitioner's allegation that "it would be contrary to justice to compel BROWN to remain in custody beyond the initial term imposed ... of 188 months," (Pet. at 11-12.), is foreclosed by *res judicata* because in the petitioner's direct appeal the Fourth Circuit affirmed the 240 month sentence. *See United States v. Brown*, No.97-5022, 1998 WL 879656 at *3-4 (4th Cir. 1998).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the petition for writ of *audita querela without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal); and the Anti-Terrorism and Effective Death Penalty Act of 1996. *The petitioner's attention is directed to the important notice on the next page.*

George C. Kosko
United States Magistrate Judge

November 1, 2007
Charleston, South Carolina

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

5