UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| James Edward Brown, # 94682-071, | ) | C/A No.: 9:07-cv-03285-GRA-GCK |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed November 1, 2007. Petitioner seeks a reduction of his federal sentence through a petition for "writ of *audita querela*." The magistrate recommends dismissing the petition without prejudice and without issuance of service of process. For the following reasons, the Court accepts the recommendation of the magistrate.

Petitioner is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner timely filed objections to the Report and Recommendation.

After reviewing Petitioner's objections to the Report and Recommendation, the Court finds that they are without merit. Petitioner first objects to the magistrate's recommendation that service of process not be issued. Petr's Obj., p. 4. However, Petitioner offers no legal reason to support this contention. Instead, he argues the merits of his claim for reduction of sentence. The magistrate determined that a writ of *audita querela* is not the proper vehicle for Petitioner's claim for a reduction of his sentence. Report and Recommendation, p. 4. Petitioner has offered no valid legal reason for determining otherwise; therefore, the Court finds that this objection is without merit.

In Petitioner's second objection, he cites *Simpson v. Nickel*, 450 F.3d 303 (7th Cir. 2006) for the proposition that the magistrate is to construe the pleadings liberally. While this assertion is correct, the Court finds that the magistrate did construe the pleadings liberally. After reviewing the pleadings, the magistrate concluded that Petitioner's underlying claim, to reduce his sentence, could properly be determined by a § 2255 motion. Report and Recommendation, p. 3. As such, the magistrate recommended dismissing the writ. This Court finds no error with such conclusion, therefore, the objection is without merit.

Petitioner's third objection, entitled "Sentence Reduction," does not direct the court to any specific error in the magistrate's Report and Recommendation. Instead, Petitioner argues the merits of his case. Therefore, Petitioner's third objection will not be addressed.

Lastly, Petitioner objects to the magistrate's statement that *res judicata* would bar Petitioner's claim for a sentence reduction, since the Fourth Circuit Court of Appeals has already affirmed his sentence as to this issue. *See* Report and Recommendation, p. 4. Regardless of whether *res judicata* would act as a bar to Petitioner's claim for a reduction of his sentence, this Court is of the opinion that a petition for writ of *audita querela* is not the proper mechanism for bringing a motion for reduction of sentence. Since Petitioner's claims could have been brought pursuant to a § 2255 motion, the petition for writ of *audita querela* should be dismissed. *See Barber v. U.S.*, 2993 WL 1735261, *1 (4th Cir. 2003)(citing *United States v. Torres*, 282 F.3d 1241 (9tj Cir. 2001). "The fact that [Petitioner] was unable to obtain relief under § 2255 does not alter [this] conclusion." *Id.* (citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."). Therefore, Petitioner's objections are without merit.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this case be DISMISSED *without prejudice* and without issuance and service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January  14 , 2008

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.